UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA,**
 **Plaintiff,**

vs.   No. 1:22-cr-10066-JDB-1

**MICHAEL BEARD,**
 **Defendant.**

## MOTION TO SUPPRESS ILLEGAL SEIZURE

Claiborne H. Ferguson, attorney for Michael Beard, hereby Moves this Court to suppress the handgun in this case that was recovered from Mr. Beard after an illegal and warrantless seizure by officers of the Humboldt Police Department on or about May 9, 2022 in violation of the Fourth Amendment to the United States Constitution.

## FACTS

On May 9, 2022, officers of the Humboldt Police Department were responding to an armed person call or "a call in reference to a black male with dreads and wearing all black clothing, pointing a firearm at someone." See Officer Lemus Incident Report, pg. 2. Officer Lemus was the first office to make contact with "a black male subject matching the description given by Humboldt dispatch." *Id*. However, the person observed was not in all black. That person ended up being Mr. Beard, a known person with multiple warrants outstanding. He was not initially identified as a person with warrants though. He was running before the officer even got to his location and no interaction occurred between officer Lemus and Defendant until Lemus excited his cruiser and yelled "Let me see your f---ing hands, your hands" and a foot pursuit followed. The pursuit ended

behind an abandoned house where the officer and Mr. Beard became entangled in a physical fight. The officer got the better of Mr. Beard after repeatedly striking him in the head with his service weapon. Mr. Beard was taken into custody and a gun found underneath or beside him.

This seizure lacked sufficient probable cause and the seizure of Mr. Beard and the weapon was illegal and unconstitutional. At the time the officer initiated the chase and seizure, he did not have reasonable suspicion that a crime was or had occurred, had no probable cause that Mr. Beard was the person that the dispatch call was in referent to or much less that the anonymous caller could not be the bases for probable cause. The only "cause" he had was a description of a black male with dreads. There was no evidence that Mr. Beard had a weapon on him nor any evidence that the caller was truthful or reliable. His flight was also not probable cause to seize him in the manner in which he was seized (e.g., the excessive force applied to him during the officer's beating of him). This was a warrantless seizure without reasonable suspicion or probable cause and must result in the suppression of the weapon.

ARGUMENT

Courts have recognized three categories of police-citizen encounters: (1) an arrest which requires probable cause pursuant to the Fourth Amendment; (2) an investigatory stop which is a limited, non-intrusive detention and requires reasonable suspicion based on articulable facts, i.e. the classic *Terry* stop; and (3) consensual encounters where an officer seeks voluntary cooperation of a citizen and requires no suspicion at all, as described in *Florida v. Royer*, 460 U.S. 491 (1983). *United States v. Dotson*, 49 F.3d

227 (6th Cir. 1995); *United States v. Flowers*, 909 F.2d 145, 147 (6th Cir.1990). The third category is not applicable to this case.

In the instant case, at the moment Officer Lemus attempted to physically restrain Beard, he knew nothing about him or had any reason to suspect that Beard had or was about to engage in illegal activity. The only information he had was the dispatch report from the unknow anonymous person. The question for us is whether these facts rise to a reasonable suspicion if this was a *Terry* stop or probable cause if this was a full custodial stop.

As to the anonymous caller and the stop based on said call, *Florida v. J.L.* , 529 U.S. 266 (2000), demonstrates that the anonymous tip alone did not provide such an objectively reasonable basis. In *J.L.* , "an anonymous caller reported to the Miami–Dade Police that a young black male standing at a particular bus stop and wearing a plaid shirt was carrying a gun." *Id*. at 268. Responding officers saw a young man matching the description at the bus stop but, "[a]part from the tip, the officers had no reason to suspect ... illegal conduct." *Id*. Nonetheless, the officers stopped and frisked the man. See *Id*. In the context of whether the anonymous call provided reasonable suspicion, pursuant to *Terry v. Ohio* , 392 U.S. 1 (1968), for police to seize the man in public, the Supreme Court explained that "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity." *Id.* at 270, (quoting *Alabama v. White* , 496 U.S. 325 (1990) ). Only when an "anonymous tip [is] suitably corroborated" does it "exhibit[ ] 'sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.' " *Id*. (quoting *White* , 496 U.S. at 327). Otherwise, "any person seeking to harass another [could] set in motion an intrusive, embarrassing police search of the targeted person

simply by placing an anonymous call." *Id*. at 272. Accordingly, even though "[t]here really was a young black male wearing a plaid shirt at the bus stop," the *J.L.* Court explained that the anonymous tip was not suitably corroborated because "[t]he anonymous call concerning J.L. provided no predictive information and therefore left the police without means to test the informant's knowledge or credibility." *Id*. at 271.

In this case, the caller remained completely anonymous. *J.L.* therefore establishes that the anonymous tip alone was not sufficient to justify a stop and frisk *Terry* stop. Absent some other reason to attempt a *Terry* investigative stop, Mr. Beard was within his legal right to avoid the police encounter and it was only a consensual encounter at best. *Williams v. Maurer*, 9 F.4th 416 (6th Cir. 2021).

If we need to consider beyond the anonymous tip, then the Government must justify the warrantless stop either as a Terry stop or a legal warrantless arrest. The Sixth Circuit in discussing *Terry* stops has stated the following:

> The scope of activities during an investigatory detention must reasonably be related to the circumstances that initially justified the stop. When actions by police exceed the bounds permitted by reasonable suspicion, the seizure becomes an arrest and must be supported by probable cause. The Supreme Court has declined to establish a litmus test to determine when a Terry stop becomes an arrest, leaving the lower courts to decide the issues on a case-by-case basis. In making this decision, we are to consider the scope and nature of the restraints placed on an individual's liberty. *United States v. Richardson*, 949 F.2d 851, 856 (6th Cir. 1991).

In this case, a full custodial arrest occurred the moment that Officer Lemus attempted to physically prevent Beard's flight at gunpoint with loud, obscene commands. He chased him down and physically attacked him. The force was illegal and excessive.

He did not use a reasonable degree of force to effectuate an investigatory stop, he literally beat Mr. Beard with his pistol. See *United States v. Hardnett*, 804 F.2d 353, 357 (6th Cir. 1986), (noting that "mere use or display of force in making a stop will not necessarily convert the stop into an arrest"), cert. denied, 479 U.S. 1097 (1987); *United States v. Dotson*, 49 F.3d 227 (6th Cir. 1995) (citing as authority *United States v. Weaver*, 8 F.3d 1240, 1244 (7th Cir. 1993) (holding that "[o]nce police have the reasonable suspicion needed to justify an investigatory stop, they may use the forcible means necessary to effectuate that stop, provided their actions are *reasonable* under the circumstances")). Nothing about this stop was reasonable. It clearly exceeded the *Terry* parameters and therefore the Government is left with justifying this as a full custodial arrest.

It is true that flight alone is not sufficient to establish probable cause, and it is certainly true that an uncorroborated tip, standing alone, is not sufficient to establish probable cause. See *Illinois v. Gates*, 462 U.S. 213 (1983)." *Hoffman v. Ruesch*, 936 F.2d 573 (6th Cir. 1991). Furthermore, tackling someone to the ground and assaulting them is not a *Terry* stop but a full custodial arrest. See *Dunaway v. New York*, 442 U.S. 200, 209-210 (1979) (holding that probable cause is required for an arrest except in a case like *Terry* )." Also see *United States. v. Stoudemire*, 978 F.2d 1260 (6th Cir. 1992) (holding "the act of tackling [defendant] was not merely a *Terry* protective frisk but rose to the level of an arrest for which probable cause was required."). The act of tackling and beating Mr. Beard elevated this interaction to a full custodial arrest and it was unsupported by probable cause. Thus, this Court must suppress all evidence, including the weapon, as fruits of this illegal seizure.

THEREFORE, PREMISE CONSIDERED, Defendant asks this Court to grant this Motion ad suppress the evidence in this case.

Respectfully submitted,

**The
CLAIBORNE ⁕ FERGUSON
Law Firm, P.A.**
294 Washington Ave.
Memphis, Tennessee 38103
(901) 529-6400

/s/ Claiborne H. Ferguson
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2023, I served a true and correct copy of the foregoing upon the person(s) listed below by the following method(s) of service:

[   ]  Depositing it in the U.S. mail, first class postage prepaid and properly addressed;
[   ]  Hand delivery;
[   ]  Facsimile transmission
[ X ]  Electronic Transmission - PACER

U.S. Attorney's Office
Assistant U.S. Attorney
167 N. Main, Suite 800
Memphis, TN 38103

/s/ Claiborne H. Ferguson